**IT IS ORDERED as set forth below:**

**Date: February 13, 2024**

_____

**Sage M. Sigler**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In Re: | CASE NUMBER: |
| **RA CUSTOM DESIGN, INC.,** | **23-58494-SMS** |
| Debtor. | CHAPTER 11 SUBCHAPTER V |
| **PRIMARY INVESTMENTS GROUP, INC.,** | |
| Plaintiff, | ADVERSARY PROCEEDING NUMBER: |
| v. | **23-05193-SMS** |
| **RA CUSTOM DESIGN, INC.,** | |
| Defendant. | |

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Exceptions to discharge under § 523(a) of the Bankruptcy Code do not apply to corporate debtors under subchapter V of chapter 11. The Court will therefore dismiss with prejudice Plaintiff's complaint against Defendant alleging fraud, embezzlement, and willful and malicious

injury, and seeking that its debt be determined nondischargeable.

## JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (I). Venue is proper under 28 U.S.C. § 1409.

## BACKGROUND

RA Custom Design, Inc. ("Defendant") filed a voluntary chapter 11 petition under subchapter V on September 1, 2023 (the "Petition Date"), commencing Bankruptcy Case No. 23-58494 (the "Bankruptcy Case"). On November 27, 2023, Primary Investments Group, Inc., ("Plaintiff") initiated the above-styled adversary proceeding by filing the three-count *Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2), 523(a)(4) and 523(a)(6)* (the "Complaint," Doc. 1).

On December 28, 2023, Defendant timely filed the *Defendant's Motion to Dismiss Adversary Complaint with Prejudice* (the "Motion to Dismiss," Doc. 4) and the *Defendant's Brief in Support of Motion to Dismiss Adversary Complaint with Prejudice* (the "Supporting Brief," Doc. 5). Plaintiff did not file a response to the Motion to Dismiss and is therefore deemed not to oppose dismissal. *See* BLR 7007-1(c).

## ANALYSIS

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012. Dismissal is appropriate unless Plaintiff provides "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). This plausibility standard "requires that the pleader show more than a sheer possibility of success." *Ashcroft v. Iqbal*, 556

U.S. 662 (2009). "In reviewing the complaint, we accept all factual allegations as true and construe them in the light most favorable to the plaintiff." *Maps v. Miami Dade State Attorney*, 693 Fed. Appx. 784, 785 (11th Cir. 2017). "[I]f as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." *Dragash v. Saucier*, 17-12031-JJ, 2017 WL 5202252, at *1 (11th Cir. Sept. 26, 2017) (internal quotations and citations omitted).

In the Complaint, Plaintiff seeks a determination that its debt is not dischargeable pursuant to various subsections of § 523(a). In the Supporting Brief, Defendant argues that the § 523(a) exceptions to discharge to not apply to Defendant as a matter of law because it is not an individual. Plaintiff offered no counterargument but agrees that Defendant is a corporation. *See* Complaint, ¶ 3.

Discharges in cases under subchapter V of chapter 11 follow confirmation of a plan.[1] If the plan meets all but one of the requirements of § 1129(a),[2] the court will confirm the plan on a "consensual" basis, and the debtor will be discharged pursuant to § 1141(d).[3] *See* 11 U.S.C. § 1191(a). If the plan does not meet certain requirements,[4] then the plan can still be confirmed by "cramdown" if the court determines that the plan is fair and equitable and does not discriminate unfairly. 11 U.S.C. § 1191(b). Debtors that confirm cramdown plans receive a discharge under § 1192 only after they complete all payments due under the first three to five years of the plan, but do not receive a discharge of debts "of the kind specified in [§] 523(a)." 11 U.S.C. § 1192.

---

[1] Defendant has not confirmed a plan. *See* Bankruptcy Case docket, *generally*. Defendant filed a proposed plan on November 30, 2023 (Bankruptcy Case, Doc. 36). A hearing to confirm the plan is scheduled for February 28, 2024 (Bankruptcy Case, Doc. 57).

[2] A plan need not meet the requirement of § 1129(a)(15) to be confirmed under § 1191(a).

[3] Section 1141(d)(5) exceptions to discharge for individuals do not apply to any subchapter V discharge. 11 U.S.C. § 1181(c).

[4] Specifically, paragraphs (8), (10), and (15) of § 1129(a).

Section 523(a) exceptions to discharge apply to individuals receiving a discharge under § 1141(d) but not to corporate entities. 11 U.S.C. § 1141(d)(2). Accordingly, corporate entities that receive a discharge after consensual plan confirmation are not subject to the exceptions to discharge listed in § 523(a). The question presented here is whether § 523(a) applies to corporate entities that receive discharges after confirming a cramdown plan under § 1192. Specifically, whether § 1192(2) excepts debts "of the kind specified in [§] 523(a)" from the discharge of corporate entities notwithstanding the clear disqualification within § 523(a) that "a discharge under section . . . 1192 . . . does not discharge an *individual* debtor. . ." from the debts listed in § 523(a) (emphasis added). Stated otherwise, the inquiry is whether § 1192 changes the well settled principle that "[a] corporate debtor is not an individual debtor for the purposes of [§] 523." *In re Spring Valley Farms, Inc.*, 863 F.2d 832, 834 (11th Cir. 1989).

The Ninth Circuit Bankruptcy Appellate Panel and several bankruptcy courts have reached the conclusion that § 1192 does not make § 523(a) applicable to corporate entities.[5] The notable outlier is the Fourth Circuit Court of Appeals, which reversed a bankruptcy court to decide that § 1192 makes § 523(a) applicable to corporate entities.[6] Neither the Eleventh Circuit nor the Supreme Court has ruled on the matter.

This Court agrees with fellow bankruptcy courts and the Ninth Circuit Bankruptcy Appellate Panel that § 1192 does not make § 523(a) exceptions to discharge applicable to corporate

---

[5] *See In re Off-Spec Sols., LLC*, 651 B.R. 862 (B.A.P. 9th Cir. 2023), *appeal dismissed*, 23-60034, 2023 WL 9291577 (9th Cir. Nov. 2, 2023); *Catt v. Rtech Fabrications, LLC (In re Rtech Fabrications LLC)*, 635 B.R. 559 (Bankr. D. Idaho 2021); *Cantwell-Cleary Co., Inc., v. Cleary Packaging (In re Cleary Packaging, LLC)*, 630 B.R. 466 (Bankr. D. Md. 2021), *rev'd* 36 F.4th 509 (4th Cir. 2022); *Gaske v. Satellite Rest., Inc. Crabcake Factory USA (In re Satellite Rest., Inc. Crabcake Factory USA)*, 626 B.R. 871 (Bankr. D. Md. 2021); *Avion Funding, LLC v. GFS Industries, LLC (In re GFS Industries, LLC)*, Case No. 22-05052, 2022 WL 16858009 (Bankr. W.D. Tex. Nov. 10, 2022); *Jennings v. Lapeer Aviation, Inc. (In re LaPeer Aviation, Inc.)*, Adv. No. 22-03002, 2022 WL 1110072 (Bankr. E.D. Mich. Apr. 13, 2022).

[6] *See In re Cleary Packaging, LLC*, 36 F.4th 509 (4th Cir. 2022).

entities. While the Court appreciates the Fourth Circuit's analysis of the plain language of § 1192, the Court agrees with a notable commentator that the 4th Circuit's conclusion does not necessarily follow from the language of § 1192.[7] Moreover, the Court does not read § 1192(2)'s reference to § 523(a) to eliminate the restriction inherent in § 523(a) that it only applies to individuals.

## CONCLUSION

Having reviewed and considered the relevant statutes, published decisions on the matter, and commentator analysis, the Court concludes that § 523(a) does not apply to corporate entities in subchapter V even if the corporate entity confirms a cramdown plan under § 1192. Because Defendant is a corporate entity and not an individual, Plaintiff cannot state a plausible claim for relief under § 523(a), and the Complaint must be dismissed. Accordingly, it is

**ORDERED** that the Motion to Dismiss is **GRANTED**. The Complaint is **DISMISSED with prejudice** on all Counts.

The Court Clerk is directed to serve a copy of this Order on Plaintiff, Plaintiff's Counsel, Defendant, and Defendant's counsel.

## END OF DOCUMENT

---

[7] *See* Judge Paul W. Bonapfel's thorough analysis of the Forth Circuit's statutory interpretation in *Do § 523(a) Exceptions to Discharge Apply to The Discharge of a Corporation in a Subchapter V Case After "Cramdown" Confirmation Under § 1191(b)?*, 32 No. 4 J. Bankr. L. & Prac. NL Art. 1. *See also* Hon. Paul W. Bonapfel, *Guide to the Small Business Reorganization Act of 2019*, revised June 2022, pp. 207-238, available at https://www.ganb.uscourts.gov/sites/default/files/sbra_guide_pwb.pdf.